# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| HOMA KHOSRAVIAN, ) | |
|          Plaintiff, ) | |
| v. ) | |
| ) | Case No.: |
| UNIVERSITY OF ILLINOIS ) | |
| AT URBANA-CHAMPAIGN, ) | |
| Board of Trustees of the University of Illinois; ) | |
| Robert J. Jones; John Coleman; ) | |
| Timothy L. Killeen; Nancy M. Amato; ) | |
| Kris K. Hauser; Robin H. Kravets; ) | |
| Darko Marinov; Marco Morales Aguirre; ) | |
| Diane Uwacu; Ananya Yammanuru; ) | |
| Viveka Perera Kudaligama; ) | |
| Emily M. Wuchner; Karrie Karahalios; ) | |
| Wendy Smith, ) | |
|          Defendants. ) | |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, HOMA KHOSRAVIAN, by and through her attorneys, for her Verified Complaint against the Defendants, UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN, Board of Trustees of the University of Illinois; Robert J. Jones; John Coleman; Timothy L. Killeen; Nancy M. Amato; Kris K. Hauser; Robin H. Kravets; Darko Marinov; Marco Morales Aguirre; Diane Uwacu; Ananya Yammanuru; Viveka Perera Kudaligama; Emily M. Wuchner; Karrie Karahalios; Wendy Smith (hereinafter referred to collectively as "Defendants"), and in support thereof states and alleges as follows:

## INTRODUCTION

1.     Plaintiff, Homa Khosravian, brings this action against the University of Illinois at Urbana-Champaign ("the University") for violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"), and other applicable federal laws. Plaintiff alleges that the

University engaged in discriminatory practices based on sex, age, and religion, leading to significant harm and deprivation of educational opportunities.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under federal law, specifically Title IX of the Education Amendments of 1972, and other federal anti-discrimination statutes.

3. Venue is proper in this District under 28 U.S.C. § 1391 because the Defendant is located in this District, and a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

4. Plaintiff: Homa Khosravian is a resident of Maryland and was enrolled as a student at the University of Illinois at Urbana-Champaign at all relevant times.

5. Defendants:

a. <u>University of Illinois at Urbana-Champaign</u>: A public university located in Urbana and Champaign, Illinois. The University receives federal financial assistance and is therefore subject to the requirements of Title IX, the Age Discrimination Act of 1975, and Title VI of the Civil Rights Act of 1964.

b. <u>Board of Trustees of the University of Illinois</u>: The governing body responsible for overseeing the policies, operations, and administration of the University.

c. <u>Robert J. Jones</u>: Chancellor of the University of Illinois at Urbana-Champaign and the chief executive officer of the campus, responsible for overall campus administration.

d. <u>John Coleman</u>: Vice Chancellor for Academic Affairs and Provost, responsible for academic and budgetary oversight at the University.

e. Timothy L. Killeen: President of the University of Illinois System, responsible for overarching authority over all campuses within the system, including the University of Illinois at Urbana-Champaign.

f. Nancy M. Amato: Department Head and Professor in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

g. Kris K. Hauser: Associate Professor in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

h. Robin H. Kravets: Professor in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

i. Darko Marinov: Professor in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

j. Marco Morales Aguirre: Assistant Professor in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

k. Diane Uwacu: Assistant Director of Graduate Programs in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

l. Ananya Yammanuru: Graduate Program Coordinator in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

m. Viveka Perera Kudaligama: Graduate Program Coordinator in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

n. Emily M. Wuchner: Director of Graduate Programs in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

o. Karrie Karahalios: Professor in the Department of Computer Science, involved in administrative decisions affecting Plaintiff.

p. <u>Wendy Smith</u>: Assistant Dean for Graduate Student Development and Postdoctoral Affairs, involved in administrative decisions affecting Plaintiff.

## FACTUAL ALLEGATIONS

6. Plaintiff Homa Khosravian enrolled at the University of Illinois at Urbana-Champaign in January 2021 to pursue her Ph.D. Degree in Computer Science.

7. During her time at the University, Plaintiff experienced discriminatory treatment based on her sex, age, race, and religion. This included, but was not limited to:

**I.     Discrimination based on age:**

A. Plaintiff was the only student over 40 years old in the program and she had more than a decade age difference with other graduate and undergraduate students in the program. She was the only student who denied receiving a salary from the University despite contractual obligations and availability of funds.

B. Preventing the Plaintiff from Asking Questions: The University denied the Plaintiff the opportunity to ask questions about her Qualifying Exam comments and outcomes from faculty members, despite allowing other students to have such an opportunity. On multiple occasions, the Plaintiff was forced to apologize to faculty members younger than her under the threat of being terminated from the program, stating that by asking hard technical questions, the plaintiff damaged young faculty members' self-confidence.

C. Despite the Plaintiff's multiple requests to publish the outcome of her research over the past two years, the University has consistently either left her request unanswered or referred to her past accomplishments and her age and maturity as the reason that the Plaintiff does not need to publish her research outcome. During the same period, other students (even in the same research group) were provided with continuous feedback on and support for their research and were allowed to publish their findings.

4

D. The University published the Plaintiff's work without her permission and without providing appropriate credit to the Plaintiff's intellectual property. When a complaint was submitted by the Plaintiff to the University, the University avoided any response to the Plaintiff's complaint, violating multiple state and university protocols.

E. The University set the essential meetings after 5 PM despite the Plaintiff's repeated requests to reschedule due to her being a mom and the need to attend to her very young children.

F. The University removed the Plaintiff from her office space when her kids got sick and the Plaintiff was not able to come to the office in person on a regular basis for a month, despite the University not following such practices for other graduate students.

I. **Discrimination based on Race:**

A. The University violated the basic concepts of Conflict of Interest when forming the Qualifying exam committee, favoring students based on their race and ethnicity.

I. **Discrimination based on Religion:**

A. The Plaintiff was told to drop a Robotics class if they got offended by the religious comments of the instructor. The same instructor told the Plaintiff that she does not belong to the University and will fail her Qualifying Exam before even taking the exam.

8. Plaintiff was prevented from receiving payment for her work in the program because the University manipulated the scheduling of the program, making it impossible for her to fulfill the requirements necessary to be compensated.

9. The University failed to follow proper protocol, which ultimately forced Plaintiff to give up her program. As a result, she lost the opportunity to secure much higher-paying jobs that would have been available to her upon completion of the program.

10. Plaintiff reported the discriminatory treatment to University officials, including Nancy M. Amato, Kris K. Hauser, Robin H. Kravets, Darko Marinov, Marco Morales Aguirre, Diane Uwacu,

5

Ananya Yammanuru, Viveka Perera Kudaligama, Emily M Wuchner, Karrie Karahalios, and Wendy Smith, but the University failed to take appropriate action to address and rectify the discrimination.

11. As a result of the University's inaction and inadequate response, Plaintiff suffered from a hostile educational environment, which adversely affected her academic performance, mental health, and overall educational experience.

12. The University's actions and inactions constitute violations of Title IX and other federal anti-discrimination statutes, which prohibit discrimination on the basis of sex, age, and religion in any education program or activity receiving federal financial assistance.

## COUNT I
## VIOLATION OF TITLE IX
## (20 U.S.C. § 1681 et seq.)

1. Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

2. Title IX prohibits educational institutions receiving federal financial assistance from subjecting individuals to discrimination on the basis of sex, including the creation of a hostile educational environment.

3. Plaintiff is a qualified individual under Title IX as a student enrolled at the University, which receives federal financial assistance.

4. Defendant engaged in discriminatory practices based on Plaintiff's sex by:

a. Denying Plaintiff the opportunity to ask questions about her qualifying exam, a privilege granted to male students.

b. Forcing Plaintiff to apologize to younger male faculty members under threat of termination for asking technical questions, while similar actions by male students were not punished.

2:25-cv-02243-CRL-EIL    # 1    Filed: 09/07/25    Page 7 of 11

c. Consistently scheduling essential meetings after 5 PM, despite Plaintiff's repeated requests to reschedule due to her responsibilities as a mother, a factor disproportionately affecting women.

d. Removing Plaintiff from her office space after her children became ill, a practice not enforced against male students.

5. Defendant's actions created a hostile educational environment that interfered with Plaintiff's ability to access and benefit from the educational opportunities provided by the University.

6. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, loss of educational opportunities, and harm to her professional aspirations.

7. Defendant's actions violated Title IX by subjecting Plaintiff to discrimination based on her sex and failing to address or rectify the hostile educational environment.

## COUNT II
## VIOLATION OF THE AGE DISCRIMINATION ACT OF 1975
## (42 U.S.C. § 6101 et seq.)

1. Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

2. The Age Discrimination Act prohibits discrimination based on age in educational programs or activities receiving federal financial assistance.

3. Plaintiff is a qualified individual under the Age Discrimination Act as a student over the age of 40 enrolled in a federally funded program.

4. Defendant engaged in discriminatory practices based on Plaintiff's age by:

a. Denying Plaintiff a salary despite contractual obligations and available funds, while younger students received salaries.

b. Refusing to publish Plaintiff's research and stating that her age and maturity meant she did not need to publish, despite publishing the work of younger students.

7

c. Publishing Plaintiff's research without her permission and failing to provide appropriate credit, while adhering to proper protocols for younger students.

d. Favoring younger students in the allocation of office space, meetings, and other academic resources.

5. Defendant's actions created a hostile educational environment and deprived Plaintiff of equal access to educational benefits and opportunities due to her age.

6. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, loss of educational opportunities, and harm to her career advancement.

7. Defendant violated the Age Discrimination Act by engaging in age-based discriminatory practices and failing to address Plaintiff's complaints.

### COUNT III
### VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### (42 U.S.C. § 2000d et seq.)

1. Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

2. Title VI prohibits discrimination on the basis of race, color, or national origin in programs or activities receiving federal financial assistance.

3. Plaintiff is a qualified individual under Title VI as a student enrolled in a federally funded program.

4. Defendant engaged in discriminatory practices based on Plaintiff's race by:

a. Violating conflict-of-interest protocols when forming Plaintiff's qualifying exam committee, favoring students of other races.

b. Denying Plaintiff equal opportunities to participate in program activities and benefits afforded to students of other races.

5. Defendant's actions created a hostile educational environment that denied Plaintiff the ability to participate equally in her educational program.

8

6. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, reputational harm, and the loss of educational and professional opportunities.

7. Defendant violated Title VI by subjecting Plaintiff to race-based discrimination and failing to address her complaints or rectify the discriminatory practices.

### COUNT IV
### VIOLATION OF PLAINTIFF'S RELIGIOUS RIGHTS UNDER TITLE VI

1. Plaintiff repeats and re-alleges all previous paragraphs as if fully set forth herein.

2. Title VI prohibits discrimination based on race, color, or national origin, and in certain circumstances, religious discrimination may overlap with these protections.

3. Defendant engaged in religious discrimination against Plaintiff by:

a. Allowing an instructor to make offensive religious comments during a Robotics class and dismissing Plaintiff's concerns by suggesting she drop the class.

b. Failing to protect Plaintiff from a hostile environment created by the instructor, who stated that Plaintiff did not belong at the University and would fail her qualifying exam before it was administered.

4. Defendant's actions and inactions created a hostile educational environment, preventing Plaintiff from fully participating in her program and causing her significant emotional distress.

5. As a direct and proximate result of Defendant's actions, Plaintiff suffered harm, including emotional distress, reputational harm, and loss of professional and academic opportunities.

6. Defendant violated Title VI by failing to address religious discrimination and by subjecting Plaintiff to a hostile environment based on her religion.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Homa Khosravian respectfully requests that this Court:

a. Declare that Defendant's actions and inactions violated Title IX, the Age Discrimination Act of 1975, and Title VI of the Civil Rights Act of 1964;

b. Award Plaintiff compensatory damages for emotional distress, loss of educational opportunities, and other economic and non-economic losses;

c. Award Plaintiff punitive damages;

d. Grant Plaintiff injunctive relief requiring Defendant to take all necessary steps to prevent further discrimination and harassment, and to remedy the hostile environment;

e. Award Plaintiff reasonable attorney's fees, costs, and expenses; and

f. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

> Respectfully Submitted:
> HOMA KHOSRAVIAN
>
> By:  /s/ Matthew R. Custardo
>       One of Plaintiff's Attorneys

Matthew R. Custardo (ARDC #: 6329579)
CUSTARDO LAW, LLC
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel: 630-557-1451
matthew@custardolaw.com

## **VERIFICATION**

I, HOMA KHOSRAVIAN, am the Plaintiff in this action. I have read the foregoing Verified Amended Complaint and am familiar with its contents. I declare under penalty of perjury under the laws of the United States that all the factual statements contained in the foregoing are true and accurate to the best of my belief and is based upon personal knowledge, except where expressly indicated otherwise.

*H. ℎ*

_____

HOMA KHOSRAVIAN