E-FILED
Friday, 13 February, 2026  03:40:14 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

HOMA KHOSRAVIAN,

      Plaintiff,

    v.

BOARD OF TRUSTEES OF THE UNIVERSITY
OF ILLINOIS,

      Defendant.

Case No. 2:25-cv-02243
Judge Colleen R. Lawless

---

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

Defendant, the Board of Trustees of the University of Illinois (the "University"), by and through its counsel, moves to dismiss Plaintiff's Complaint with prejudice in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The University supports this Motion to Dismiss Plaintiff's Amended Complaint with a contemporaneously filed supporting memorandum. As explained in greater detail in the University's supporting memorandum, these claims should be dismissed for multiple reasons, including the following:

1.      Title IX discrimination and retaliation claims have a two-year statue of limitations. *Singleton v. Chi. Sch. Reform Bd. of Trs. of Bd. of Educ. of City of Chi.*, No. 00C395, 2000 WL 777925, at \*19 (N.D. Ill. June 13, 2000). Because several of Plaintiff's allegations occurred outside this two-year period, those allegations are time-barred. Further, to the extent Plaintiff's undated allegations occurred outside the two-year statute of limitations for Title IX claims, those claims are also time-barred.

1

2.     The Title IX discrimination claim (Count I) should be dismissed because Plaintiff fails to plead a violation of Title IX under either a direct discrimination theory or a deliberate indifference theory. With respect to the former, Plaintiff fails to plead that she was excluded from participation in or denied the benefits of a University program or activity, and fails to plead that any such exclusion or denial was on the basis of sex. *See Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019). Rather, Plaintiff pleads only conclusory allegations, which are insufficient to survive a motion to dismiss. *See id.*; *Sims v. Marquette Univ.*, No. 23-CV-1154-JPS, 2024 WL 4522363, at *14 (E.D. Wis. Sept. 10, 2024), *appeal dismissed*, No. 24-2788, 2025 WL 1014638 (7th Cir. Feb. 21, 2025); *Jackson v. N. Ill. Univ. Coll. of Law*, No. 10 C 01994, 2010 WL 4928880, at *2 (N.D. Ill. Nov. 30, 2010). Significantly, Plaintiff also alleges that two **_female_** comparator students were treated preferentially, thereby negating any reasonable inference of sex-based discrimination. Moreover, to the extent that Count I is premised on sex-based harassment, it should be dismissed because Plaintiff has failed to allege any "severe, pervasive, and objectively offensive" sex-based conduct, or that the University had knowledge of and was deliberately indifferent to any such conduct. *See Davis Ex Rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 289-90 (1998); *Doe v. Galster*, 768 F.3d 611, 617 (7th Cir. 2014); *Ervins v. Sun Prairie Area Sch. Dist.*, 609 F. Supp. 3d 709, 722 (W.D. Wis. 2022).

3.     Count II should be dismissed because Plaintiff has failed to plead a claim for retaliation under Title IX. Plaintiff does not allege that she engaged in activity protected under Title IX, instead making only vague allegations of complaints of unfair treatment. *See Harbeck v. Baxter Healthcare Corp.*, No. 17 C 5120, 2019 WL 1382070, at *5 (N.D. Ill. Mar. 27, 2019); *Ruff v. DuPage Cnty.*, No. 14 C 9615, 2016 WL 3996329, at *4 (N.D. Ill. July 25, 2016). Moreover,

2

Plaintiff failed to plead a but-for connection between any alleged protected activities and the adverse actions she claims occurred. *See Columbia Coll.*, 933 F.3d at 857; *see also Pogorzelska v. VanderCook Coll. of Music*, 442 F. Supp. 3d 1054, 1064-65 (N.D. Ill. 2020).

4.      Dismissal of the Amended Complaint should be with prejudice, as further amendment would be futile and Plaintiff has repeatedly failed to cure the deficiencies in her complaint. *See Esco v. City of Chi.*, 107 F.4th 673, 683 (7th Cir. 2024); *Momo Enters., LLC v. Banco Popular of N. Am.*, No. 15-CV-11074, 2017 WL 4357391, at *1 (N.D. Ill. Sept. 30, 2017), *aff'd sub nom. Momo Enters., LLC v. Popular Bank*, 738 F. App'x 886 (7th Cir. 2018).

WHEREFORE, for the reasons set forth above and in the accompanying memorandum, the University respectfully requests that this Court dismiss the Amended Complaint with prejudice, dismiss this case in its entirety, and grant any further relief the Court deems just and proper.

Dated: February 13, 2026                              Respectfully submitted,

                                                      */s/ Mary E. Deweese*

                                                      MARY E. DEWEESE
                                                      ELEANOR C. RIORDAN
                                                      Husch Blackwell LLP
                                                      120 S. Riverside Plaza, Suite 2200
                                                      Chicago, IL 60606
                                                      (312) 655-1500 (tel)
                                                      (312) 655-1501 (fax)
                                                      mary.deweese@huschblackwell.com
                                                      eleanor.riordan@huschblackwell.com

                                                      *Attorneys for Defendant the Board of*
                                                      *Trustees of the University of Illinois*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused the foregoing document to be filed with the Clerk of the court using the CM/ECF system, which will send electronic notifications to all registered counsel of record, on this 13th day of February 2026.

*/s/ Mary E. Deweese*
Mary E. Deweese

*Attorney for Defendant the Board of Trustees of the University of Illinois*